UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN JOSEPH HEISER,

        Plaintiff,

vs.

USAA FEDERAL SAVINGS BANK,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, John Joseph Heiser (hereinafter, John Joseph Heiser shall be referred to as either "Mr. Heiser" or the "Plaintiff"), by and through undersigned counsel, and brings this action against the Defendant, USAA Federal Savings Bank (hereinafter referred to as either "USAA" or the "Defendant"), and in support thereof alleges as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA, and Sections 1024.35, 1024.36 and 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto the Defendant was and is a foreign limited liability company, duly licensed to transact business in the State of Florida.

9. The Defendant's principal address is 9800 Fredericksburg Road, San Antonio, Texas 78288.

10. At all times material hereto, Plaintiff owns and continues to own the subject property, which is located in Palm Beach County, Florida with an address of *** 506 South M Street, Lake Worth, Florida 33460.

11. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

12. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property, which is also the Plaintiffs' primary residence.

13. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number ****9139.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about November 16, 2006, the Plaintiff entered into a promissory note agreement with USAA Federal Savings Bank ("USAA FSB") (the "Note") for what was intended to be his primary residence.

15. The Note was secured by a mortgage on the subject property located at *** 506 South M Street, Lake Worth, Florida 33460, (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "subject loan").

16. On or about February 17, 2016, following a financial hardship, the Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") to assist him in his efforts to save his home through a loan modification program.

17. On April 28, 2016, Loan Lawyers faxed the Defendant the Plaintiff's executed Lender Authorization Form. The Lender Authorization Form is the Plaintiff's authorized release, which permitted the Defendant to directly furnish Loan Lawyers with any and all financial information for the subject loan.

18. The Plaintiff's Lender Authorization form also requested that the Defendant "cease and desist all contact" with the Plaintiffs, and rather "direct all questions, correspondence, or other communications directly to Loan Lawyers, LLC."

19. On May 04, 2016, Loan Lawyers, on behalf of Plaintiff, submitted a loss mitigation application directly to the Defendant via electronic facsimile.

20. The loss mitigation application included items such as the Plaintiff's Request for Mortgage Assistance Form ("RMA"), the Plaintiff's hardship letter, the Plaintiff's paychecks, signed tax returns, insurance policy information for the subject property, the divorce decree and related information, and the loss mitigation application also included the Plaintiff's multiple itemized bank statements.

I. **USAA's Failure to Acknowledge the First Submission.**

21. The Defendant, USAA, was obligated to acknowledge receipt of Plaintiff's loss mitigation application in writing within five (5) business days of receiving said application, pursuant to 12 C.F.R. § 1024.41(b)(2)(B). This requirement is commonly referred to as the "acknowledgment letter."

22. The Defendant, USAA, was also obligated to include in their acknowledgement letter whether they determined that the loss mitigation application is either complete or incomplete. See 12 C.F.R. § 1024.41(b)(2)(B).

23. According to RESPA, if a loss mitigation application is incomplete, the acknowledgement letter shall then also "state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable date pursuant to paragraph (b)(2)(ii) of this section." Id.

24. USAA's acknowledgment letter was due on May 11, 2016; however, USAA failed to comply with the requirements of RESPA.

25. USAA failed to acknowledge Plaintiff's loss mitigation application submission at all.

26. USAA failed to request any additional documents for completing the review of Plaintiff's loss mitigation application.

27. A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

28. Pursuant to 12 C.F.R. § 1024.41(c), the Defendant was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer the Plaintiff.

29. Months passed, and the Defendant failed to provide the written acknowledgment of the Plaintiff's loss mitigation application within the mandated timeframe, in violation of 12 C.F.R. § 1024.41(b)(2)(i)(B), or request any additional documents.

30. Nevertheless, on August 23, 2016, following no communication whatsoever from the Defendant regarding the Plaintiff's May 04, 2016 loss mitigation application, Loan Lawyers, in an abundance of caution, submitted the Plaintiff's updated loss mitigation application in the hopes of furthering his continued efforts to save his home from a potential foreclosure action.

31. Yet, another month's time passed and still the Defendant failed to provide even the written acknowledgment of the Plaintiff's loss mitigation application within the mandated timeframe, in violation of 12 C.F.R. § 1024.41(b)(2)(i)(B).

   **II. USAA's RESPA Violations Result in a Notice of Error and Request.**

32. On September 23, 2016, as a direct result of the Defendant's violations of RESPA, in an effort to utilize the protections afforded to consumers by Congress, Loan Lawyers—on behalf of the Plaintiff—prepared and mailed to the Defendant a notice that

comprised of a Notice of Error ("NOE") made pursuant to 12 C.F.R. §1024.35 and a single request for information (hereinafter referred to as the "Initial Notice of Error"). A true and correct copy of the Plaintiff's Initial Notice of Error and request for information is attached as Exhibit "A."

33. The Plaintiff's Initial Notice of Error and request for information provided in pertinent part:

> On August 23, 2016, a loss mitigation application was submitted to USAA on behalf of the above-referenced clients. Please be advised that pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), USAA was required to provide a written notice within five (5) business days of receipt of the loss mitigation application stating whether the application was complete or incomplete. If the application was deemed incomplete, the letter was required to specify in the notice any additional document(s) and information that my clients must submit to deem the loss mitigation application complete.
>
> To date, no such acknowledgment letter has been received. It is critical that my clients be informed whether the loss mitigation application is deemed complete, and if not, what additional documentation or information is needed. As you know, my client is eager to save their home and has worked hard to put together all of the documents needed for the loss mitigation application.
>
> **My client deems your failure to comply with Section 1024.41(b)(2)(B) an error pursuant to Section 1024.35. As such, please consider this letter to constitute a Notice of Error.** (Emphasis included in the original).

See Exhibit "A".

34. The Plaintiff's Initial Notice of Error and request for information also asked that the Defendant comply with RESPA and:

> "Please provide, <u>a written acknowledgment of the loss mitigation application within the next seven (7) days</u> in accordance with 12 C.F.R. § 1024.41(b)(2)(i)(B). Please specify in said acknowledgment letter whether you deem

> the application **complete** or **incomplete**. If incomplete, please specify what additional documentation or information is needed to make the application complete. Further, you must provide a reasonable amount of time to provide any additional documentation or information required.
>
> If we do not hear back from you within the next seven (7) days, my client will then deem their loss mitigation application "complete" pursuant to 12 C.F.R. § 1024.41(c)(1) and we will expect a formal response to the loss mitigation application within 30 business days of August 23, 2016 pursuant to 12 C.F.R. § 1024.41(c)(1)."

<u>Id</u>.

35.     Notwithstanding the Defendant's RESPA violations as a result of their failing to timely acknowledge or respond to the Plaintiff's loss mitigation application, the Plaintiff's Initial Notice of Error and request for information afforded the Defendant an additional seven (7) days to appropriately respond to the loss mitigation application as RESPA requires.

36.     The Plaintiff's Initial Notice of Error and request for information was prepared and mailed directly to USAA via certified mail.

37.     The Defendant received the Plaintiff's Initial Notice of Error and request for information on September 28, 2016.

### III. <u>RESPA Duties and Responsibilities after Receiving the Plaintiff's Initial Notice</u>

38.     The Defendant was required to acknowledge the Plaintiff's Initial Notice of Error and request for information in writing, within five (5) business days of receipt, pursuant to both 12 C.F.R. §§ 1024.35(d) and 1024.36(c). Therefore here, to comply with RESPA the written acknowledgement the Plaintiff's Notice of Error and information request was due from the Defendant no later than October 5, 2016.

39. Pursuant to RESPA's Section 12 C.F.R. 1024.35(e)(3) the servicer must furnish a response to a Notice(s) of Error accordingly:

> "(3) Time limits—(i) In general. A servicer must comply with the requirements of paragraph (e)(1) of this section:
>
>> (A) Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.[1]
>
> ***
>
>> (C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.
>
> (ii) Extension of time limit. For asserted errors governed by the time limit set forth in paragraph (e)(3)(i)(C) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing."

See 12 C.F.R. §1024.35(e)(3).

40. The Defendant was required to provide a written response to Plaintiff's single information request within thirty (30) business days, which included the requested information or alternatively if the "requested information is not available to the servicer[,]" then the "basis for the servicer's determination". See 12 C.F.R. § 1024.36(d).

41. Section 12 C.F.R. 1024.35(e)(1) states what is required under RESPA when responding to a Notice of Error:

> "[A] servicer must respond to a notice of error by either:
>> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written

---

[1] 12 C.F.R. §1024.35(b)(6) provides: *Scope of error resolution.* For purposes of this section, the term "error" refers to the following categories of covered errors: Failure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 CFR 1026.36(c)(3).

*RX-0013* *v.6*

> notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
>
> (B)     Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

See 12 C.F.R. §1024.35(e)(1).

42.     To date, USAA failed to comply with any of the requirements of 12 C.F.R. §1024.35 by failing to acknowledge or respond to the Plaintiff's Initial Notice of Error and request for information, and thus violated of RESPA yet again.

### IV. Loan Modification Status.

43.     Although the regulations would find that the Plaintiff's loss mitigation application "complete" as of May 12, 2016, by virtue of the Defendant's failure to even acknowledge the initial loss mitigation application submission, it is uncontroverted that the loss mitigation application was most certainly complete by August 31, 2016.

44.     The Defendant was required to provide a written notice stating which loss mitigation options, if any, the Defendant would offer Plaintiffs by no later than September 30, 2016, or thirty (30) days after the application was considered "complete."

45.     The Defendant however, failed to provide that written notice as required, as well.

### V.  The Additional Notice of Error

46.     Undeterred, on December 14, 2016, Loan Lawyers on behalf of Plaintiff prepared and mailed the Defendant, USAA, yet another Notice of Error pursuant to 12 C.F.R. §1024.35

(the "Additional Notice of Error"). A true and correct copy of the Plaintiff's Additional Notice of Error is attached as Exhibit "B".

47. In the Plaintiff's Additional Notice of Error, the Plaintiff again highlighted that they **still** had not received any response to the loss mitigation application submission, which USAA received on September 28, 2016.

48. The Plaintiff's Additional Notice of Error made clear that:

> "Pursuant to 12 C.F.R. § 1024.41(c)(1)(ii), you were required to send a written response to the loss mitigation application stating your determination of which loss mitigation options, if any, you will offer to my client.
>
> To date, no such response letter has been received. It is critical that my client be informed what loss mitigations are available to them and which loss mitigations option they have been offered. As you know, my clients are eager to save their home and have worked hard to put together all of the documents needed for the loss mitigation application.
>
> **My client deems your failure to comply with Section 1024.41(c)(1)(ii) an error pursuant to Section 1024.35. As such, please consider this letter to constitute a Notice of Error.** We will afford you an additional 10 days to comply with Regulation X before we take legal action. In the event that you still need additional time, kindly notify us in writing before the expiration of the additional 10 days and we will be willing to supply some additional time. In the event you believe that there is an agreement that my client must give you notice and opportunity to cure, please allow this letter to serve as the same. Further, failure to timely acknowledge and respond to this notice of error may subject you to further liability under RESPA."

(Emphasis contained in the original). <u>See</u> Exhibit "B".

49. While the Additional Notice of Error correctly established that no response to Plaintiff's loss mitigation application had been received from USAA, and that the failure to

respond is a violation of RESPA, it is worth noting that due to a clerical error, the Additional Notice of Error also provided two phrases that were incorrect.

50. The Additional Notice of Error stated that "[o]n October 5, 2016 [Loan Lawyers] received a document request letter from USAA," and also claimed that Loan Lawyers subsequently "contacted the [Plaintiff] and submitted the documents by November 2, 2016." Unfortunately, that information is not accurate.

51. In truth, Loan Lawyers, nor Plaintiff, had ever received any acknowledgment, or any response whatsoever from USAA regarding the Plaintiff's loss mitigation application submission.

52. That the two phrases in the Additional Notice of Error were incorrect because in fact the Defendant's failures were even more pronounced by their **total** disregard of the Plaintiff's attempt to save his home through loss mitigation, serves to only magnify the seriousness of the servicing errors committed on the Plaintiff's loan, and the extent to which USAA outright disregarded their responsibilities under RESPA.

53. The Defendant received the Plaintiff's Additional Notice of Error on December 20, 2016.

54. On January 5, 2017, the Plaintiff himself received an acknowledgement at his home (the "Acknowledgment). A true and correct copy of the Acknowledgement is attached as Exhibit "C."

55. While the Acknowledgement did make reference to a Notice of Error, which was sent from Loan Lawyers on behalf of the Plaintiff, the Acknowledgement failed to address which one of the Notices of Error the Acknowledgement was intending to respond to.

56.     Nevertheless, to date, the Defendant, USAA, has failed to provide at least one acknowledgement and both responses to the Plaintiff's Notices of Error, as is required under 12 C.F.R. § 1024.35(e).

57.     USAA's failure to timely acknowledge receipt of the Plaintiff's Initial Notice of Error within five (5) business days is a violation of Section 1024.35(d).

58.     Both of the Notices of Error were prepared and sent as a direct result of USAA's failure to comply with RESPA Section 1024.41(c), in their mishandling of the Plaintiff's loss mitigation application submitted on May 4, 2016.

59.     USAA has failed or refused to provide the document requested in the Initial Notice of Error and request for information, which USAA received on September 28, 2016.

60.     Specifically, the Plaintiff requested that he be provided, a written acknowledgment of the loss mitigation application originally submitted on May 4, 2016, and updated on August 23, 2016, in accordance with 12 C.F.R. § 1024.41(b)(2)(i)(B).

61.     Failing to provide to respond a request for information is a violation of RESPA Section 12 C.F.R. § 1024.36(d).

62.     As noted above, USAA was provided two (2) notices of error as a direct result of USAA's failure to acknowledge, review, or render any determination of those loss mitigation options available to Plaintiff following his loss mitigation application submission within the appropriate time frames, in violation of RESPA Section 12 C.F.R. §1024.41.  See again Exhibits "A," and "B".

63.     In each instance, USAA was provided extra time to correct those errors highlighted in the Notices of Error in advance of litigation. Yet, USAA failed or refused to resolve those errors within the time frames provided.

64. The Defendant has been in receipt of Plaintiff's complete loss mitigation application for over 239 days.

65. The Plaintiff continues to await the determination from the Defendant as is required by law, whether or not they qualify for loss mitigation options, and if so which one(s).

66. By failing to provide Plaintiff a written notice within the required timeframe, and after repeated attempts to receive updates on the loss mitigation application, the Defendant has violated 12 C.F.R. § 1024.41(c)(1).

67. To date, the Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that the Defendant did not provide the written notice, which is required, within five (5) business days of receipt of the loss mitigation application acknowledging receipt of same and whether the Defendant determined said application to be complete or incomplete.

68. To date, the Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that the Defendant did not provide a written notice, which is required, within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer Plaintiff.

69. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> ***

>**(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

70.     Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

71.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

72.     Plaintiffs repeatedly attempted to amicably resolve the above-issues prior to the filing of this lawsuit. See again Exhibits "A," and "B".

73.     Those attempts were to no avail and therefore, Plaintiffs have hired Loan Lawyers, LLC, for legal representation in this action and have agreed to pay a reasonable attorney's fee.

## DAMAGES

74.     The Plaintiffs have been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. Plaintiffs' injuries result in-part from

the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing a timely or compliant acknowledgement or response to the Plaintiff's request for loss mitigation options, request for information, and by not responding to the Plaintiff's Notices of Error in accordance with 12 C.F.R. §1024.35(e)(1).  See MAHALA A. CHURCH, Plaintiff - Appellant, v. ACCRETIVE HEALTH, INC., Defendant - Appellee., No. 15-15708, 2016 WL 3611543, at *1–3 (11th Cir. July 6, 2016)(quoting Spokeo, Inc. v. Robins, 578 U.S. ___, 136 S. Ct. 1540 (2016)).

75.    The Plaintiffs are entitled to actual damages as a result of the Defendant's consistent failures to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in preparing and mailing Plaintiff's multiple notices of error and opportunities to cure; and (2) the photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send the additional correspondences due to Defendant's failure to adequately respond to the Plaintiff's loss mitigation application, or request for information as required by RESPA, which includes the Notice of Error and Opportunity to Cure. This of course is coupled with the Plaintiff's understandable emotional distress, whereby he has by trying for many months to save his home for foreclosure, and yet he has been nothing short of ignored, in direct contravention of RESPA's requirements that servicers like USAA conduct themselves otherwise. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Rodriguez v. Seterus, Inc., No. 15-61253-Civ-COOKE/TORRES (S.D. Fla. 2015)(the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); Saint-Fleur v. JPMorgan Chase Bank, N.A., No. 15-cv-61110-

WPD (S.D. Fla. 2015); Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); Burdick v. Bank of Am., N.A., No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); McLean v. GMAC Mortg. Corp., 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

76. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of 's pattern or practice of noncompliance with Regulation X and RESPA.

77. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)(1)(C):

78. Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1 through 77 against the Defendant, USAA.

79. The Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that the Defendant, USAA, did not provide a written notice within five (5) business days of receipt of the Plaintiff's loss mitigation application, acknowledging receipt of same and whether determined said application to be complete or incomplete.

80. The Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that USAA did not provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, will offer Plaintiff.

81. As such, the Defendant, USAA, has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

**WHEREFORE,** Plaintiff, John Joseph Heiser, respectfully asks this Court to enter an order granting judgment for the following:

(a) That the Defendant USAA be required to provide a formal response to the loss mitigation application submission made on August 23, 2016 pursuant to 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

### COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)(1)(D):

82. Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1 through 77 against the Defendant, USAA.

83. USAA, the Defendant, failed to comply with 12 C.F.R. §§1024.35(d), 1024.35(e)(3)(i)(A) and §1024.36(d) in that USAA did not provide a written acknowledgement or response to the Plaintiff's Initial Notice of Error and request for information within the required timeframe.

84. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

**WHEREFORE,** Plaintiff, John Joseph Heiser, respectfully asks this Court to enter an order granting judgment for the following:

(a) That the Defendant USAA be required to provide the information requested in Plaintiff's Initial Notice of Error and request for information including the written acknowledgment of the loss mitigation application in accordance with 12 C.F.R. § 1024.41(b)(2)(i)(B) and

      a formal response to the loss mitigation application submission made on August 23, 2016 pursuant to 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, John Joseph Heiser, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Michael A. Citron
Michael A. Citron, Esq.
Florida Bar No.: 105083
E-mail: Michael@Fight13.com
Matthew Yerachmiel David Bavaro, Esq.
Florida Bar No.: 175821
E-mail: Matthew@Fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:     (954) 523-4357
Facsimile:     (954) 581-2786